**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **Criminal No. DKC-16-0070** |
| **DEONTE CARRAWAY** | * | |

\* \* \* \* \*

**MOTION TO SUPPRESS EVIDENCE SEIZED FROM**
**BLU CELL PHONE WITH ORANGE BACK, MODEL NO: D 870U, SERIAL NO:**
**LS1532501689**

Deonte Carraway, by and through his attorneys, James Wyda, Federal Public Defender for the District of Maryland, and John Chamble and Lakeytria Felder, Assistant Federal Public Defenders hereby moves this Honorable Court to issue a pre-trial ruling barring the government from admitting any evidence seized from Mr. Carraway's blu cell phone with orange back. As grounds therefore, he states the following:

1.     Mr. Carraway is charged in a thirteen count indictment with sexual exploitation of a minor for the purpose of producing child pornography, in violation of 18 U.S.C. § 2251(a).

2.     On or about March 2016, federal agents with the Federal Bureau of Investigation, in possession of a tainted search warrant searched Mr. Carraway's Blu cell phone with orange back.

3.     This search violated the Fourth Amendment to the United States Constitution, because the affidavit underlying the warrant did not establish probable cause to believe evidence of a crime would be found at the location. See Doe v. Broderick, 225 F.3d 440, 451 (4th Cir. 2000) ("The fundamental constitutional principle that search warrants must be founded upon probable cause derives from the language of the Fourth Amendment itself, which provides that 'no warrants shall issue, but upon probable cause, supported by oath or affirmation, and

particularly describing the place to be searched, and the persons or things to be seized.'"); <u>Illinois v. Gates</u>, 462 U.S. 213, 238-39 (1983) (officer seeking issuance of search warrant must present an affidavit containing facts sufficient to "provide the magistrate with a substantial basis for determining the existence of probable cause"; probable cause requirement demands that officer demonstrate "fair probability" that evidence of crime will be found at particular place); <u>Brinegar v. United States</u>, 338 U.S. 160, 175 (1949) (probable cause means "more than bare suspicion").

4.      Moreover, the affidavit was so deficient that no objectively reasonable officer would have relied in good faith on the legality of the search warrant.  <u>See</u> <u>United States v. Leon</u>, 468 U.S. 897, 923 (1984) (when warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" it cannot be relied upon in good faith).

5.      Mr. Carraway accordingly requests that this Court issue a pre-trial ruling barring the government from admitting at trial in this case evidence obtained during the search of his Blu cell phone with orange back.

WHEREFORE, Deonte Carraway respectfully moves this Honorable Court to issue a pre-trial ruling barring the government from admitting any evidence seized from his cell phone

Respectfully submitted,

JAMES WYDA
Federal Public Defender
  for the District of Maryland

_____/s/_____
JOHN CHAMBLE (#22483)
LAKEYTRIA FELDER (#93579)
Assistant Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770
Telephone: (301) 344-0600
FAX: (301) 344-0019