UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. DKC-16-0070 |
| DEONTE CARRAWAY | * | |
| Defendant. | * | |

\* \* \* \* \* \*

## MOTION TO SUPPRESS FRUITS OF ILLEGAL SEARCH OF DEFENDANT'S WHITE SAMSUNG CELL PHONE

Deonte Carraway, through counsel, James Wyda, Federal Public Defender for the District of Maryland and John Chamble and LaKeytria Felder, Assistant Federal Public Defender, hereby respectfully moves this Honorable Court, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure and the Fourth Amendment to United States Constitution, to suppress the fruits of a warrantless search of a white Samsung cell phone. In support of this Motion, the Mr. Carraway alleges as follows:

The police violated the Fourth Amendment when they searched the contents of Mr. Carraway's seized Samsung cell phone, including reading text messages and viewing images, without a warrant. The Fourth Amendment protects an individual's right to privacy in the data on their cell phones. *Riley v. United States*, 134 S. Ct. 2473, 2484 (2014). "Cell phone records can reveal both a comprehensive view and specific details of the individual's daily life." *United States v. Graham*, __ F.3d __ 2015 WL 4637931 *11 (4th Cir. 2015). Searching a cell phone, is "far more than the most exhaustive search of a house: A phone not only contains in digital form many sensitive records previously found in the home; it also contains a broad array of private information never found in a home in any form—unless the phone is." *Riley*, 134 S. Ct. at 2491

(emphasis in original).

The government may not access the content of communications sent by electronic means without a warrant. *United States v. Warshak*, 631 F.3d 266, 287-88 (6th Cir. 2011). *See also City of Ontario v. Quon*, 560 U.S. 746, 759-60 (2010) (assuming a privacy interest in text messages and noting that "Cell phone and text message communications are so pervasive that some persons may consider them to be essential means or necessary instruments for self-expression, even self-identification.").

Here the government searched the contents of Mr. Taylor's Samsung cell phone without a specific warrant or valid consent to do so. The warrantless and non-consensual search was unreasonable under the Fourth Amendment. Moreover, no warrant exception applies. No exigency existed, and Mr. Carraway had not consented to the search. The search therefore violated the Fourth Amendment, and this Court should suppress the information obtained and all of its fruits.

WHEREFORE, the Defendant moves this Court to suppress all evidence seized from his Samsung cell phone.

Respectfully submitted,

JAMES WYDA
Federal Public Defender


/s/
_____
John Chamble (#22843)
Lakeytria Felder (#93579)
Assistant Federal Public Defender
6411 Ivy Lane - Suite 710
Greenbelt, MD  20770
(301) 344-0600   FAX: 301/344-0019