**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Criminal No.: DKC-16-0070 |
| **DEONTE CARRAWAY** | * | |

* * * * *

## MOTION TO SUPPRESS STATEMENTS

Deonte Carraway, by and through his attorneys, James Wyda, Federal Public Defender, John Chamble, Branch Chief, and LaKeytria W. Felder, Assistant Federal Public Defender, respectfully moves this Honorable Court to suppress any and all statements, admissions and confessions allegedly given by Mr. Carraway, whether oral, written or otherwise recorded, which the government proposes to use as evidence against him at trial. In support of this motion, Mr. Carraway asserts the following:

1. On February 29, 2016, Mr. Carraway was charged in a thirteen-count Indictment with allegations that he violated 18 U.S.C. §§ 2251(a). On March 4, 2016, Mr. Carraway pleaded not guilty to all counts.

2. Upon his arrest, the government asserts that Mr. Carraway made statements to law enforcement. For the reasons stated below, the court should suppress any and all statements by Mr. Carraway that were obtained in violation of his Fifth and Sixth Amendment Rights. It is axiomatic that use of involuntary statements against an accused is a violation of both due process and the accused's right against self-incrimination.

3. Mr. Carraway seeks and is entitled to a hearing regarding the voluntariness of any statements, admissions, or confessions attributed to him in accordance with the principles set forth in *United States v. Inman*, 352 F.2d 954 (4th Cir. 1965). Importantly, where defendants challenge

confessions (or admissions) as involuntary, it is the government's burden to prove at least by the preponderance of the evidence that the confession was in fact voluntarily rendered. *See Lego v. Twomey*, 404 U.S. 477, 489 (1972). In order to be voluntary, a statement must be "the product of a rational intellect and a free will." *Blackburn v. Alabama*, 361 U.S. 199 (1960); *U.S. v. Tingle*, 658 F.2d 1332, 1335 (9th Cir. 1981). If an accused's free will has been "overborne" or his "capacity for self-determination critically impaired," then his statement is not voluntary. *U.S. v. Pelton*, 835 F.2d 1067, 1071-72 (4th Cir. 1987).

    4. Whether a custodial confession is involuntary, and thus subject to suppression, is a question of fact to be determined from the totality of the circumstances surrounding the confession. *Schneckloth v. Bustamonte,* 412 U.S. 218, 226 (1973); *United States v. Wertz,* 625 F.2d 1128, 1133 (4th Cir.1980). A court should consider the setting in which the confession was obtained, the details of the interrogation and the particular characteristics of the accused in arriving at a determination of whether the accused's confession was induced by conduct and conditions that deprived his confession of voluntariness. *United States v. Wertz,* 625 F.2d at 1134. Only voluntary confessions are admissible under either the self-incrimination or due process clause. *Dickerson v. United States,* 530 U.S. 428, 433 (2000). Thus, a *Miranda* waiver and a statement that follows must both be voluntary for the statement to be admissible. *See Chavez v. Martinez,* 538 U.S. 760, 773 (2003); *see also Colorado v. Connelly,* 479 U.S. 157, 169–70 (1986).

    5. Under the totality of the circumstances analysis, this Court will be further tasked with weighing specific factors pertaining to Mr. Carraway – maturity, education, and mental capacity – in assessing whether Mr. Carraway was able to understand his rights in any meaningful way. Preliminary investigation reveals that Mr. Carraway was in special education classes throughout his

schooling. In a psychological evaluation, it is noted that, he exhibited significant cognitive deficits, with a Full Scale IQ score of 63, which placed his overall intellectual functioning in the deficient range. Numerous cases hold that limited intelligence and mental disability weigh heavily against a finding of voluntariness. *See, e.g., Withrow v. Williams*, 507 U.S. 680 (1993); *see also Fikes v. State of Alabama*, 352 U.S. 191 (1957); *Simms v. Georgia*, 389 U.S. 404 (1967).

6. It is hereby requested that this Court order that any and all statements made by Mr. Carraway be suppressed because they were obtained in violation of the Fifth and Sixth Amendments to the Constitution, as well as in violation of *McNabb v. United States*, 318 U.S. 332 (1943); *Miranda v. Arizona*, 384 U.S. 436 (1966) *Mincey v. Arizona*, 437 U.S. 385 (1978); and *Brewer v. Williams*, 430 U.S. 387 (1977).

7. Mr. Carraway reserves the right to supplement this motion after further investigation and review of any additional discovery produced by the government.

**WHEREFORE,** as a result of the constitutional violations alleged herein, Mr. Carraway requests that this Court enter an Order suppressing any and all statements made by him.

    Respectfully submitted,

    JAMES WYDA
    Federal Public Defender
     for the District of Maryland

    /S/
    LAKEYTRIA FELDER (# 93579)
    Assistant Federal Public Defender
    JOHN CHAMBLE (#22483)
    Branch Chief
    6411 Ivy Lane, Suite 710
    Greenbelt, Maryland 20770
    Tel: (301) 344-0600 Fax: (301) 344-0019
    Email: lakeytria_felder@fd.org

# MEMORANDUM OF POINTS AND AUTHORITIES

1. Fifth Amendment to the United States Constitution

2. Sixth Amendment to the United States Constitution

3. *Blackburn v. Alabama*, 361 U.S. 199 (1960)

4. *Brewer v. Williams*, 430 U.S. 387 (1977)

5. *Fikes v. State of Alabama*, 352 U.S. 191 (1957

6. *McNabb v. United States*, 318 U.S. 332 (1943)

7. *Mincey v. Arizona*, 437 U.S. 385 (1978)

8. *Miranda v. Arizona*, 384 U.S. 436 (1966)

9. *Lego v. Twomey*, 404 U.S. 477 (1972)

10. *Schneckloth v. Bustamonte,* 412 U.S. 218 (1973*)*

11. *Simms v. Georgia*, 389 U.S. 404 (1967)

12. *United States v. Inman*, 352 F.2d 954 (4th Cir. 1965)

13. *United States. v. Pelton*, 835 F.2d 1067 (4th Cir. 1987)

14. *Withrow v. Williams*, 507 U.S. 680 (1993)

# REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on the defendant's motion.

/S/

_____
LaKeytria W. Felder #93579
Assistant Federal Public Defender